### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

DIGGIN' YOUR DOG, LLC,

    *Plaintiff*,

v.

THE PETLAB CO. and AMPLIFY LTD,

    *Defendants*.

Case No. 1:21-cv-8667-JPC-RWL

### DECLARATION OF AIRINA L. RODRIGUES

I, Airina L. Rodrigues, declare as follows:

1. I am a shareholder of Brownstein Hyatt Farber Schreck LLP ("Brownstein"), attorneys for Plaintiff Diggin' Your Dog, LLC ("Diggin' Your Dog").

2. I am over 21 years of age and otherwise competent to make this declaration. My statements herein are based on my personal knowledge and review of documents in the case. I submit this declaration in support of Diggin' Your Dog's Motion for Entry of Default.

3. Diggin' Your Dog owns United States Application Serial No. 90/807,650 (the "'650 Application") for the FIRM UP Mark in connection with "Animal feed additives for use as nutritional supplements for digestive issues, stool consistency; Animal feed additives, namely, enzymes for use in animal feeds to assist in digestion; Animal feed supplements; Diarrhea medication; Dietary fiber for treating constipation; Dietary fiber to aid digestion; Dietary supplement for eliminating toxins from the intestinal tract; Dietary supplements for pets; Dietary supplements for urinary health; Dietary supplements in the form of powder, soft chew, treat, bar, tablet; Nutraceuticals for the treatment of digestive issues in animals, pets.; Nutritional supplements for animals" in International Class 5, and "Animal feed; Animal foodstuffs; Consumable pet chews; Dogs; Edible chews for dogs; Edible pet treats; Pet food" in International

Class 31. Attached as Exhibit A to this declaration is a true and correct copy of the TSDR printout from www.uspto.gov for the '650 Application.

4. The '650 Application was published on the United States Patent & Trademark Office's Official Gazette on January 4, 2022. Notably, the United States Patent & Trademark Office Examiner did not reject the '650 Application based on alleged genericness or descriptiveness. On the contrary, upon review, the USPTO found the FIRM UP Mark to be sufficiently distinctive such that it warranted trademark protection from the outset. During the thirty-day publication window, no third parties opposed registration of the FIRM UP Mark, and as a result, the '650 Application is currently scheduled for registration. *Id.*

5. In or around June 2021, Diggin' Your Dog became aware that Defendants The Petlab Co. ("Petlab") and Amplify Ltd. ("Amplify" and together with Petlab, the "Defendants") were using the trademark FIRM UP (the "Infringing Mark") to actively market and sell pet supplements on Defendants' own retail website at https://thepetlabco.com/products/firm-up-stool-hardener, as well as other third-party online retail websites, including Amazon.com and Chewy.com.

6. Petlab's website at https://thepetlabco.com/pages/terms-conditions and https://thepetlabco.com/pages/privacy-statement lists New York addresses for both Petlab and Amplify. Attached as Exhibit B is a true and correct copy of printouts from Petlab's website, obtained on or about February 9, 2022.

7. Amplify's foreign business registration in another jurisdiction lists a New York address as its "principal office," and Amplify has acknowledged in unrelated litigation that is employees are located in New York. Attached as Exhibit C is a true and correct copy of Amplify's Colorado foreign business registration obtained from Colorado's Secretary of State website on or about February 9, 2022. Attached as Exhibit D is a true and correct copy of a brief filed on May

28, 2021, in Case No. 2:21-cv-01937-JAK-JEM, pending in the United States District Court for the Northern District of California.

8. Diggin' Your Dog has confirmed through a test purchase that Defendants deliver their products marketed and sold under the Infringing Mark to New York customers. Attached as Exhibit E are true and correct copies of the Paypal receipt and Petlab order confirmation for a test purchase of products marketed and sold under the Infringing Mark, which were delivered in New York.

9. On July 6, 2021, an associate of our firm, under my instruction, sent a cease and desist letter to Defendants via certified mail and email to contact@thepetlab.com, notifying them of Diggin' Your Dog's rights in the FIRM UP Mark.  In addition, we informed Defendants that Diggin' Your Dog also owns the '650 Application.  Based on these trademark rights, Diggin' Your Dog demanded that Defendants immediately cease any and all use of the Infringing Mark, among other things.  Attached as Exhibit F is a true and correct copy of the cease and desist letter.

10. Defendants did not comply with Diggin' Your Dog's demands or respond to the July 6 letter.

11. On August 27, 2021, an associate of our firm, under my instruction, sent another cease and desist letter to Defendants by email, reiterating Defendants' violation of Diggin' Your Dog's trademark rights.  We explained that if Defendant continued to willfully infringe Diggin' Your Dog's trademark rights and did not respond by September 3, 2021, Diggin' Your Dog would have no other option than to pursue a remedy in court.  Attached as Exhibit G is a true and correct copy of the cease and desist letter.

12. Defendants did not comply with Diggin' Your Dog's demands or respond to the August 27 letter.

13. On October 22, 2021, I, together with co-counsel Peter S. Sloan and Cameron S. Reuber of the law firm Leason Ellis LLP, filed the Complaint, initiating this action. (Dkt. 1, Compl.).

14. Petlab was served with the Complaint via personal service on November 8, 2021, making its answer due by November 29, 2021. (Dkt. 18, Proof of Service). Amplify was served with the Complaint via personal service on October 28, 2021, making its answer due by November 18, 2021. (Dkt. 17, Proof of Service).

15. Petlab finally contacted Diggin' Your Dog on November 12, 2021, via email from Marie E. Richmond, Esq. of the law firm Loza & Loza, LLP to Mr. Sloan. In her email, Ms. Richmond stated that she represents Petlab in connection with various intellectual property matters and requested a telephone conference to discuss this case. Attached as Exhibit H is a true and correct copy of my e-mail correspondence chain with Ms. Richmond, with pertinent details related to the parties' settlement discussion redacted.

16. The parties held a telephone conference on Thursday, November 18, 2021, during which Petlab's counsel acknowledged receiving at least one of Diggin' Your Dog's demand letters.

17. On November 30, 2021—the day *after* Petlab's answer was due—Petlab requested an extension of time to answer the Complaint. Diggin' Your Dog agreed to the request so that the parties could continue to explore a possible resolution, and I further explained that I would prepare the extension request on Petlab's behalf, given that Ms. Richmond had not appeared in this action. Additionally, Diggin' Your Dog proposed a settlement offer. *See* Exhibit H.

18. The following day, December 1, 2021, Diggin' Your Dog filed a letter to request an extension of time of thirty (30) days for Petlab to answer or otherwise respond to the Complaint. (Dkt. 20).

19. Two days later, the Court granted the extension request, requiring Petlab to answer or otherwise respond to the Complaint by December 29, 2021. (Dkt. 21).

20. On December 10, 2021, I reminded Petlab that an answer or response to the Complaint was due by December 29, 2021, and further inquired when Diggin' Your Dog could expect a response to its settlement proposal. *See* Exhibit H.

21. On December 16, 2021, Ms. Richmond informed Diggin' Your Dog that she was conferring with her client and would revert back "as soon as possible." *Id.*

22. At 5:22pm on December 29, 2021—the day Petlab's answer was due—Petlab's counsel emailed me to request an additional extension of fourteen (14) days to answer or otherwise respond to the Complaint. In the email, Petlab stated that "as of December 1, 2021, Pet Lab has sold . . . 8,000 units of product that would potentially be at issues in this matter . . ." before offering a counter-settlement proposal. *Id.*

23. Petlab failed to answer or otherwise respond to the Complaint by the extended deadline of December 29, 2021.

24. On January 6, 2022, Diggin' Your Dog proposed a new counteroffer to resolve this dispute and further agreed to not oppose any request made by Defendants to extend the time to answer or respond to the Complaint, but informed Petlab that Petlab would have to appear in this case to make any further request for an extension of time directly. *Id.*

25. On January 14, 2022, Diggin' Your Dog filed a status report letter with the Court, updating the Court on the Parties' settlement discussions and Petlab's failure to appear before the Court. (Dkt. 29).

26. Diggin' Your Dog's January 14, 2022 status report letter was transmitted to counsel for Petlab at the same time Diggin' Your Dog submitted a courtesy copy of the letter via email to

5

the Court.  Attached as Exhibit I is a true and correct copy of the email sent to the Court on January 14, 2022, copying counsel for Petlab.

27. On January 31, 2022, Petlab responded to Diggin' Your Dog's January 6 email, stating that there was a typo in the December 29 email, explaining that "the amount of units was only 800, not 8,000" before making another counter-settlement offer.  *See* Exhibit H.

28. To date, Diggin' Your Dog has never received a response from Amplify, nor has an attorney acting on Amplify's behalf ever contacted Diggin' Your Dog, co-counsel, or myself.

29. Today, February 10, 2022, the due date for the instant Motion for Default Judgment, I received a telephone call from Jai Singh, an attorney at Foley & Lardner, who informed me that he had only just been retained by Petlab as litigation counsel in this matter.  Mr. Singh requested that the parties submit a joint request to adjourn the deadline for briefing this Motion.  However, pursuant to this Court's individual rules of practice governing adjournments and requests for extension of time, as well as the Court's Order to Show Cause dated January 27, 2022 (Dkt. 33), directing the Plaintiff to file the instant Motion and prosecute its case, as well as Plaintiff's lack of personal knowledge as to compelling circumstances justifying the request, I informed Mr. Singh that Plaintiff could not agree to the request.

30. In light of the Defendants' failure to answer or otherwise respond to the Complaint by their respective deadlines, I submit to the Court that an entry of default judgment in this instance is appropriate and respectfully request that the Court order Defendants to pay Diggin' Your Dog an amount of $1,344,000.00, representing the trebled amount of Defendants' profits earned through their willfully infringing conduct, as well as attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), New York common law, and New York General Business Law §§ 133, 349(h), and 360-l.

31. Further, I submit that an inquest into damages is unnecessary because Defendants have already admitted the amount of their sales volume, and resulting gross revenues are easily determinable based on publicly-available product prices of approximately $35.00 per unit[1], and their default "sufficiently establishes that Defendants' conduct was intentional," meriting trebled damages. *Melwani v. Nature Republic Int'l LLC*, No. 17CV7452LGSKHP, 2019 WL 1582087, at *4 (S.D.N.Y. Mar. 27, 2019); *see also Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145, 162 (E.D.N.Y. 2013) (holding that once the defendant defaults, the plaintiff's allegations regarding bad faith are accepted as true, particularly where there is "exceptional similarity of the marks and the lack of any evident justification for the choice of the similar name").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 10, 2022

Airina L. Rodrigues

---

[1] *See*, *e.g.,* product pricing available at Petlab's own website, available online at https://offer.thepetlabco.com/probiotic-chews/probio_n?sel=5&wickedsource=google&wickedid=CjwKCAiA6Y2QBhAtEiwAGHybPUwa0ZRhc2-YAVm3wpq3ecIu6ySFKLEQ7xo2wE9A0ikal7hHgCECOhoCjP8QAvD_BwE&wickedid=461735728936&wv=3.1&utm_source=google&utm_medium=cpc&utm_campaign=11036831458&gc_id=11036831458&h_ad_id=461735728936&gclid=CjwKCAiA6Y2QBhAtEiwAGHybPUwa0ZRhc2-YAVm3wpq3ecIu6ySFKLEQ7xo2wE9A0ikal7hHgCECOhoCjP8QAvD_BwE (last accessed February 9, 2022).